Lowell W. Finson
AZ Bar# 10872
**FINSON LAW FIRM**
118 Channel Pointe Mall
Marina Del Rey, CA 90292
Telephone: (602) 377-2903
Facsimile:   (310) 425-3278
lowell@finsonlawfirm.com
Attorney for Plaintiff
 DEBORAH SALIEGO,

IN THE UNITED STATES DISTRICT COURT

FOR THE STATE OF ARIZONA

| | |
|---|---|
| DEBORA SALIEGO, an individual ) | Civil Action No. |
| ) | |
| ) | |
| ) | |
| Plaintiff, ) | COMPLAINT FOR DAMAGES |
| ) | JURY TRIAL DEMANDED |
| v. ) | |
| SRP, a Nonprofit Arizona Public ) | |
| Utility, PAUL OPATUK, an ) | |
| individual,  and JOHN DOES 1-10 ) | |
| ) | |
| Defendants . ) | |
| ) | |

Plaintiff  DEBORA SALIEGO (herein as "SALIEGO" or "Plaintiff"), by and through her attorneys, Lowell W. Finson, of the Finson Law Firm, for her Complaint against Defendants, SRP, a public utility,  (herein "Defendant SRP" or "SRP"), Paul Opatuk, is an individual employee of SRP (herein "Defendant Opatuk" or "Opatuk") and John Does 1-10 (hereinafter all Defendants may be referred to collectively as "Defendants") aver as follows:

**COMPLAINT FOR DAMAGES**

1

## NATURE OF THE CASE

1. Defendants wrongfully terminated Plaintiff, as well as subjected her to discrimination based upon sex, age, race and harassed and retaliated against Plaintiff, and the actions created a hostile work environment, all of which occurred in Coconino County, Arizona.

## PARTIES

2. Plaintiff was, at all relevant times, an individual citizen and resident of Page, Arizona, over the age of forty, a female member of the Navajo Tribe, and was an employee of Defendants, subjected to discrimination based upon race, age, and sex, and as a direct result of these classifications, was the victim of retaliation and harassment, which created a hostile work environment.

3. Defendant is a public utility in the State of Arizona, and upon information and belief, has its principal place of business in Phoenix, Arizona, and is a provider of utility services throughout the state of Arizona, and is organized under Arizona law as a public utility.

4. Defendant Paul Opatuk, is and was, at all times pertinent, an employee of Defendants, and was Plaintiff's immediate supervisor at the SRP's Navajo Generating Station (hereinafter referred to as "NGS") in Page, Arizona.

5. Plaintiff is informed and believes, and based thereon alleges, that Defendants, DOES 1- 10, and each of them, were, at all times herein mentioned, residents of the

State of Arizona and were managers, officers, supervisors, managing agents and/or employees of Defendant SRP and each of them, having the actual or apparent authority to participate in or recommend decisions affecting the Plaintiff's job benefits and employment status.

6. The true names or capacities, whether individual, corporate, associate, or otherwise of Defendants, DOES 1-10, inclusive, are unknown to Plaintiff, and therefore, Plaintiff sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of these fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages, as herein alleged, were proximately caused by their conduct.

7. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned, each of the Defendants, including the fictitiously named Defendants were the agents and employees of each of the other Defendants and in doing the things hereinafter alleged, were acting within the scope and course of such agencies and/or employments.

8. More specifically, the within claims are brought pursuant to the applicable Federal Employment Discrimination laws, related to claims of sex, age, race discrimination, as well as harassment and retaliation based upon sex, age and race.

**COMPLAINT FOR DAMAGES**

3

9. Any and all acts constituting sex, race, age retaliation and harassment, occurred within 300 days of filing the EEOC charge.

10. All acts herein mentioned were a part of a continuing pattern and practice of discrimination, harassment and retaliation based upon the pertinent Federal laws.

11. More specifically, the within claims are brought pursuant to The Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (ADEA), as well as the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. and Title VII.

12. Plaintiff filed a timely EEOC Charge, and was given a right to sue letter, which she received on December 26, 2021, a copy of which is attached as Exhibit A. This satisfies any administrative requirement to pursue the within claims.

## FACTS COMMON TO ALL CAUSES OF ACTION

13. Plaintiff adopts the factual allegations in her Charge, attached as Exhibit A.

14. Plaintiff, at the time of her discharge in November of 2019, was a senior Environmental Engineer/Scientist, providing environmental protection services for Defendants in Page, Arizona.

15. At the time of Plaintiff's hire, Defendants Employee Handbook specifically prohibited discrimination based upon race age and sex, and any resultant retaliation or harassment based thereon.

16. The Handbook also indicated Defendant SRP was an equal opportunity employer.

17. At all times pertinent, Defendants were aware of Plaintiff's age, race and sex.

18. Plaintiff had a long period of satisfactory performance while employed by Defendants.

19. Defendant Opatuk was, at all times pertinent, an employee of Defendant SRP, and was Plaintiff's immediate supervisor.

20. Plaintiff began experiencing discriminatory behavior after she first applied for FMLA in early 2016, for depression, anxiety and PTSD, and entered a short-term treatment program.

21. At that time, Defendants set up an Employment Assistance Program (EAP), and Plaintiff was provided two psychologists to address Plaintiff's issues.

22. From late 2016 until her date of discharge, she was subject to a continuing pattern of discrimination.

23. As set forth in Exhibit A, as a female member of the Navajo Tribe, she was subject to discrimination regarding her eventual layoff in connection with a "decommissioning" process of the NGS in late 2018.

24. Further, regarding the process, all employees were notified that several jobs would be posted that would be offered to those who could lose their jobs at NGS.

**COMPLAINT FOR DAMAGES**

5

25. From late 2018 until Plaintiff's termination on November 21, 2019, various jobs were "posted" and Plaintiff responded to several, but no one responded to Plaintiff.

26. Due to the lack of response, on or about April 3, 2019, Plaintiff emailed Andrea Martinez, a principal engineer, indicating she wanted to receive a response to her job inquiries.

27. On or about April 9, 2019, Plaintiff conducted a phone interview with Molly Greene and John Hetrick regarding the posted policy analyst position, but she was not offered that position, which, upon information and belief, was subsequently offered to a male, younger than Plaintiff, Dinenizhoni Hill.

28. On or about May 2, 2019, Plaintiff having not received a response to another posted job, emailed Andrea Martinez again, reiteration Plaintiff's interest in the posted engineering position, but heard nothing, but still believed she could accept that position.

29. On or about June 10, 2019, Plaintiff was informed she would qualify for another comparable position, but was only given 3 hours to accept or reject the job.

30. At that time, and within the time frame, Plaintiff emailed Dean Sweeney, a supervisor, and copied Paul Ostapuk, Tim Barney, John Hetrick, and Renee Castillo (SRP Human Resources Representative), inquiring if she had to accept before she was told about the outcome of the policy analyst position, but no one answered.

**COMPLAINT FOR DAMAGES**

31. As Plaintiff still was "in line" for the policy analyst position, she did not accept the other job.

32. While still trying to find out if she could have the policy analyst position, on or about June 12, 2019, Plaintiff was informed the position she could not accept was given to a male, Mario Gorman.

33. On or about June 20, 2019, Plaintiff complained to Craig Mills, a behavioral analyst, that her denial of these positions was based upon discrimination, but received no response.

34. On or about August 8, 2019, Plaintiff was to be interviewed for the policy analyst position, but was informed that interview was cancelled, and that she no longer qualified for that position, as the position was given to Dinenizhoni Hill, a male in his early thirties with only 3 years of experience .

35. On or about October 16, 2019, Plaintiff filed a formal complaint with Mike Hummel, Defendant's CEO, and was informed an independent investigation would begin, but never found out the results.

36. On or about November 20, 2019, Plaintiff met with Nathan Betz, an independent decommissioning manager, who informed Plaintiff she was not on the preferred list of qualified potential candidates for posted decommissioning positions.

**COMPLAINT FOR DAMAGES**
7

37. On information and belief, approximately sixteen men, many of whom were younger than Plaintiff, were hired for decommissioning preference and were given posted positions.

38. About sixteen NGS male employees were selected as "key" or deemed critical employees during plant closure. they received enhanced twenty-five percent bonus payout. No women were offered the enhanced bonus although some performed critical duties.

39. In Plaintiff's final year at SRP, she discovered several irregularities associated, directly or indirectly related to the decommissioning process, and more specifically, that her prior reporting of a potential solid waste landfill permitting issue had gone uncorrected.

40. Said landfill contained drums of solvent, asbestos wiring, engines, acetone chemicals and other contaminants.

41. SRP was aware of this, but never disclosed it to the Navajo Nation, even though the land was to be transferred back to the Nation in a few years.

42. Plaintiff brought this to the attention of the former environmental manager, and he confirmed it was correct.

43. Plaintiff also advised that there was pond wastewater that had not been properly tested for organics and other solvents, as well as the fact some SRP employees were pouring solvents in the pond in prior years.

**COMPLAINT FOR DAMAGES**
8

44. Plaintiff also advised of other potential problems, including heavy metal contaminated soil and water.

45. Soon after Plaintiff began reporting her concerns, she was excluded from crucial environmental meetings.

46. On or about August 24, 2019, a PCB spill took place, and Plaintiff notified her supervisor it needed to be reported. At first he refused, but it was reported some time thereafter.

47. In early October 2019, the SRP environmental team overseeing the decommissioning process had asked Plaintiff to develop a planned and unplanned event to clear hazardous materials, but plaintiff refused as no one can develop an unplanned event.

48. On November 21, 2019, Plaintiff was terminated.

## COUNT ONE
## SEXUAL DISCRIMINATION

49. Plaintiff incorporates and adopts paragraphs 1 through 49 above as if fully set forth herein.

50. Defendants have discriminated against Plaintiff in the terms and conditions of her employment on the basis of her sex, in violation of Federal laws, and as a result of sex discrimination, harassment, retaliation and hostile work environment created by the Defendants.

**COMPLAINT FOR DAMAGES**
9

51. Plaintiff is a female, and as such, is a member of a class of individuals entitled to protection of the laws of Arizona and the United States of America.

52. Defendants have engaged in unlawful discrimination and unlawful employment practices including, but not limited to:

    a. Treating Plaintiff less favorably than similarly situated male employees, in the terms and conditions of their employment, including, but not limited to, refusing to provide Plaintiff with the rights of her employment, as well as creating a hostile work environment, all of which were necessary to perform her job functions while similarly situated employees were not equally mistreated; and

    b. Creating a hostile work environment because of Plaintiff's sex, which was severe or pervasive to an extent that it substantially altered the terms and conditions of her employment.

53. On information and belief, Plaintiff's sex was the sole or motivating factor in Defendants' treatment of Plaintiff, and but for Plaintiff's sex, Defendants would not have engaged in discriminatory conduct toward Plaintiff.

54. As a direct result of the hostile work environment, Plaintiff has suffered mental

and emotional distress, pain and suffering, anger, depression, anxiety, humiliation and embarrassment.

55. By virtue of one, more, or all of the foregoing violations of pertinent laws protecting individuals, entitling Plaintiff to damages, including, but not limited to, all seniority, benefits, front and back pay, and other related harms.

56. By virtue of one, or all of the foregoing violations as alleged above, Plaintiff has been damaged and suffered economic harm in the form of, but not limited to, lost wages and benefits, out-of-pocket expenses and monetary loss as well as non-economic damages all of which she is entitled to recover from Defendants plus pre-judgment interest, attorneys' fees and costs.

57. The actions of Defendants and Plaintiff's supervisors and managerial employees were done in reckless indifference to Plaintiff's federally and state protected rights, and Plaintiff is therefore entitled to recover punitive damages and exemplary damages.

58. Plaintiff has retained the Finson Law Firm Law to represent her in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on her behalf.

## COUNT TWO
## AGE  DISCRIMINATION

59. The allegations set forth above are re-alleged and incorporated herein by

**COMPLAINT FOR DAMAGES**
11

reference except where to do so would be inconsistent with pleading a cause of action for Disability Discrimination.

60.   At all times herein mentioned, Defendants were aware Plaintiff was over the age of forty, and may not subject an employee to discrimination, harassment, retaliation or hostile work environment.

61.   Plaintiff, an older individual, has been subjected to adverse employment actions by Defendants because of her age as is evidenced by her being replaced by a male under the age of forty.

62.   Said acts and conduct of Defendants, as have been more fully set forth above, have been on the basis of Plaintiff's age.

63.   The unlawful employment practices on the part of Defendants and each of them, were a substantial factor in causing damages and injuries to Plaintiff as set forth herein.

64.   Plaintiff was required by statute to file a claim with the EEOC, and Plaintiff filed such a claim in a timely fashion and a right to sue letter was issued, thus fulfilling Plaintiff's obligation to exhaust administrative remedies.

65.   As a result of the aforesaid unlawful acts of said Defendants , and each of them, Plaintiff has lost, and will continue to lose, income and benefits in an amount to be proven at time of trial.  Plaintiff claims such amount as damages, together with prejudgment interest.

66. As a result of the aforesaid unlawful acts of said Defendants, and each of them, Plaintiff was personally humiliated and has become mentally upset, distressed, and intimidated.

67. Plaintiff claims general damages for such mental distress and aggravation in an amount to be proven at time of trial.

68. As a further result of the said acts of said Defendants, and each of them, Plaintiff may be required to employ medical practitioners and physicians to examine, treat, and care for Plaintiff and may incur future medical and incidental expenses, which will be shown according to proof.

## COUNT THREE
## RACE DISCRIMATION

69. The allegations set forth above are re-alleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for discrimination.

70. During the period of Plaintiff's employment with Defendants, as alleged above, Defendants violated this Plaintiff's right to be free of discrimination based upon race, Native American.

71. Such harassment based on race was sufficiently severe or pervasive to alter the conditions of the Plaintiff's employment and create a hostile working environment.

# COUNT FOUR
## RETALIATION AND HARASSMENT

72. The allegations set forth above are re-alleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Harassment and Retaliation.

73. At all times herein mentioned the above-mentioned laws against discrimination were in full force and effect and were binding on Defendants and DOES 1-10. This section requires Defendants and each of them, to refrain from harassing and retaliating against an employee for having engaged in activities, or being a female over the age of forty and being a Native American, which are protected as set forth above.

74. Said acts and conduct by Defendants toward Plaintiff did not consist of normal business or personnel management decisions that were necessary to the job performance of Defendant's officers, supervisors or managers, or to the performance of an officer's, a manager's or a supervisor's job.

75. Plaintiff alleges that the aforesaid acts and conduct of Defendants toward Plaintiff constituted significant, adverse employment actions, which were in retaliation for and were motivated by Plaintiff's having engaged in the protected activities, damaging her as set forth.

WHEREFORE, Plaintiff seeks judgment against Defendants and DOES 1-10, and each of them, on all Causes of Action, for:

1.  All medical expenses, actual, consequential, and incidental losses including but not limited to loss of income and benefits, according to proof, together with prejudgment interest, pursuant to the laws of both Arizona and Arizona;

2.  General damages for emotional distress and mental suffering in a sum according to proof;

3.  Attorneys' fees, pursuant to the laws of Arizona and the United States of America;

4.  Costs of suit; and

**5.**  Such other and further relief as the Court may deem proper.

DATED:     March 21, 2022              */s/ Lowell W. Finson*
                                       LOWELL W. FINSON
                                       *Attorney for Plaintiff*

**COMPLAINT FOR DAMAGES**
15

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all claims so triable.

Respectfully,

DATED:   March 21, 2022        */s/ Lowell W. Finson*
                                LOWELL W. FINSON
                                *Attorney for Plaintiff*